**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**DANIEL STORM**
         **Petitioner,**

    **v.**                                                  **Case No. 14-C-1037**

**U.S. PAROLE COMMISSION,**
         **Respondent.**

## ORDER

Pursuant to 28 U.S.C. § 2241, petitioner Daniel Storm petitions for a writ of habeas corpus and an emergency restraining order preventing the Parole Commission from implementing a modification of his conditions requiring 60 days of location monitoring. Federal defendants may use § 2241 to challenge the execution of their sentences, so long as they first exhaust administrative remedies.[1] See Walker v. O'Brien, 216 F.3d 626, 629 (7th Cir. 2000); Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997). Although petitioner avers that he has exhausted his remedies, the materials attached to his petition indicate that the complained of order was executed on August 20, 2014, and that he has 30 days to appeal. He filed the instant action on August 25, 2014. The materials include an "appeal" petitioner filed with the Commission on or about August 8, 2014, after the supervising probation officer proposed this modification, but not a formal appeal filed after its actual imposition.

It is also unclear when this modification will actually go into effect. The materials indicate that petitioner is to see his probation officer regarding the modification on September

---

[1]In an order issued today in Case No. 14-C-405, in which petitioner challenges his continuation on parole, I indicate that it appears venue is appropriate in this district.

5, 2014. Finally, although petitioner avers that he did not receive sufficient notice and opportunity to be heard, the materials indicate that on or about August 8, 2014, he filed a lengthy submission with the Commission setting forth his opposition to the proposed amendment. Accordingly, given the uncertainties regarding exhaustion and provision of pre-deprivation due process, I cannot find that the extraordinary remedy of ex parte emergency relief is appropriate. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (noting that preliminary injunctive relief is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion); Fed. R. Civ. P. 65(b)(1)(A) (indicating that in order to obtain a temporary restraining order without prior notice to the adverse party the movant must satisfy an even higher standard, showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition").

**THEREFORE, IT IS ORDERED** that petitioner's emergency motion for a restraining order (R. 2) is **DENIED**.

**IT FURTHER IS ORDERED** that respondent provide an answer to the petition on or before **September 29, 2014**.

Dated at Milwaukee, Wisconsin, this 29th day of August, 2014.

/s Lynn Adelman
LYNN ADELMAN
District Judge