UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL STORM,

    Petitioner,

Case No. 14-cv-1037-pp

v.

UNITED STATES PAROLE COMMISSION,

    Respondent.

---

**DECISION AND ORDER DENYING
PETITIONER'S RENEWED REQUESTS FOR INJUNCTIVE RELIEF**

---

The petitioner filed his 28 U.S.C. §2241 petition on August 25, 2014. Dkt. No. 1. On the same date, he filed an "Emergency Motion for Restraining Order." In that motion, he asked the court to issue a temporary restraining order, prohibiting the Parole Commission from implementing the sixty-day period of home confinement it had added as a condition to his special lifetime parole. He also asked the court to permanently enjoin the Parole Commission from implementing the modification, require the Commission to rescind the modification, order that in the future he get a hearing "with the full panoply of rights afforded prisoners at such hearings" before implementing any other modifications, and "discharge Petitioner from any further parole or supervision, instanter." Dkt. No. 2.

1

Four days later, Judge Lynn Adelman, who was presiding over the petitioner's case at that time, issued an order denying the petitioner's request for injunctive relief. The court noted that preliminary injunctive relief was "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Dkt. No. 4, citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); Fed. R. Civ. P. 65 (b)(1)(A) (person requesting a temporary restraining order must show "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.") Judge Adelman pointed out that, as of the petition date, (a) it did not appear that the petitioner had exhausted his remedies, because he hadn't concluded his appeal to the Parole Commission; (b) it wasn't clear when the sixty-day home confinement modification would go into effect; and (c) while the petitioner argued that he had not received notice and an opportunity to be heard on the modification, he'd attached proof that he'd submitted a lengthy pleading to the Parole Commission, laying out his position in detail. For all those reasons, Judge Adelman declined to grant the extraordinary remedy of injunctive relief.

The petitioner waited eleven days, and then on September 9, 2014, filed a document entitled "Renewal of Emergency Motion for Restraining Order." Dkt. No. 5. The pleading indicated that what had transpired since Judge Adelman's August 29 ruling was that the petitioner had met with his supervising parole agent and had refused the agent's offer to resolve the issue in a way that would result in early discharge of his special parole term.

Otherwise, the petitioner made the same arguments that he'd made in the original motion. He argued that as soon as the Parole Commission decided his appeal, it would implement the home confinement special condition which was the subject of his habeas petition, and thus that the court ought to reconsider its denial of his request for injunctive relief.

Judge Adelman did not take immediate action on the September 9 renewal, so on October 23, 2014, the petitioner filed another renewal. Dkt. No. 9. In this second renewal, the petitioner argued that "[e]ven if the Commission or [the supervising parole officer] make no move to confine Petitioner in his home at this time, they would be so inclined at some future date and Petitioner would be without recourse. In short, Petitioner has this Sword of Damocles suspended over his head, which could fall at a moment in time, confining him to his home and restricting his liberty, without due process as the Fifth Amendment demands." Only a day later, the petitioner filed another renewal, this time going through in detail the case law regarding temporary injunctive relief, and arguing that he'd met all of the requisite factors. Dkt. No. 10.

Judge Adelman ordered the Parole Commission to respond to this request for injunctive relief. Dkt. No. 12. The Commission responded on November 3, 2014. Dkt. No. 16. It argued that the petitioner's requests for injunctive relief were extraordinary, unwarranted, and likely premature. Id. at 6. The Commission argued that the petitioner had not demonstrated a reasonable likelihood of success on the merits of the petition itself. It also pointed out that neither the Commission nor the supervising officer could force

the petitioner to comply with conditions of home confinement; while his choice not to comply might have ramifications for the future of his parole, he was not in immediate danger of having a location monitoring device forcibly placed on his person, or of having some kind of guard stand outside his door, because neither the Commission nor the supervising office had the authority to do those things. Id. at 7. Finally, the respondent noted that if the court granted the petitioner's request for injunctive relief, the district court would, in effect, become the appeals court for Parole Commission decisions, subverting the statutory appeals process and significantly expanding the district court's habeas review authority. Id. at 7-8. In his reply, the petitioner reiterated that the court ought to grant injunctive relief "to prevent even a single day of confinement at the whim of the USPC and [the supervising agent]." Dkt. No. 19 at 6.

Judge Adelman did not rule on the October 23 and 24 renewed motions for injunctive relief before the end of 2014, and on December 30, 2014, the case was reassigned to Judge Pepper.

The court will deny the petitioner's October 23 and 24 renewed motions for injunctive relief. As of the date of this order, neither the Parole Commission nor the supervising agent have implemented the sixty-day home confinement condition. Likely they were awaiting the outcome of the habeas petition itself. Even if they had sought to implement the condition, however, the Commission made a salient point in its response: The Parole Commission has the statutory authority to modify the conditions of parole. 28 U.S.C. §4209(d)(1). It can,

therefore, tell a parolee that he must submit to home confinement. But if a parolee refuses to comply with that modification—refuses to allow the supervising officer to install a monitoring device, or leaves his residence during prohibited hours—the Parole Commission cannot incarcerate him. The Commission must come to court and ask the court to take action, and of course, the parolee has a right to attend that court appearance (with counsel, if he has it) and to make whatever arguments he deems appropriate.

This court is not suggesting that the petitioner should not comply with lawfully-imposed parole modifications, or condoning in any way failure to comply. The court notes only that, given a situation in which the petitioner is out on special parole and would be restricted to home confinement only when the supervising officer implemented the condition and he complied, he cannot show the "immediate and irreparable harm" required by Rule 65 for preliminary injunctive relief.

The only way that the petitioner would be entitled to permanent injunctive relief would be if the court were to grant his habeas corpus petition on the merits. The court will be issuing a separate order denying the merits of the petition. Because the court will be denying the petition, there is no basis for a grant of permanent injunctive relief.

The court **DENIES** the petitioner's September 9, 2014 renewal of his motion for emergency injunctive relief (Dkt. No. 5), his October 23, 2014

renewal of motion for injunctive relief (Dkt. No. 9), and his October 24, 2014 renewal of his motion for injunctive relief (Dkt. No. 10).

Dated in Milwaukee this __18th__ day of May, 2015

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Court**