UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL STORM,

    Petitioner,

v.

UNITED STATES PAROLE COMMISSION,

    Respondent.

Case No. 14-cv-1037-pp

**DECISION AND ORDER DENYING
PETITIONER'S POST-JUDGMENT MOTION (DKT. NO. 32)**

On May 26, 2015, eight days after the court entered judgment denying petitioner Daniel Storm's petition for a writ of habeas corpus under 28 U.S.C. §2241, he filed a document captioned "Response and Renewed Request for Injunctive Relief and an Evidentiary Hearing." Dkt. No. 32. Six days after he filed that pleading, the petitioner filed a notice of appeal. Dkt. No. 34. The Seventh Circuit docketed the petitioner's appeal on June 1, 2015, but then noted that he'd filed a pleading in district court that the Seventh Circuit determined that might be a timely Rule 59 motion. Storm v. U.S. Parole Commission, 15-2178, Dkt. No. 2. The appellate court suspended briefing, and ordered the petitioner to file a brief memorandum explaining why the Seventh Circuit shouldn't stay the appellate case until this court ruled on the May 26 response and renewed request. Id. The petitioner filed a response that didn't really address the Seventh Circuit's concern—he stated his opinion that "the

1

Notice of Appeal filed by Appellant was timely and the district court no longer has competent jurisdiction to entertain any further proceedings." Id. at Dkt. No. 5. Accordingly, the court of appeals ordered the appellee to address the question it had raised on June 2, 2015. Id. at Dkt. No. 6.

The appellee now has responded, indicating its belief that the petitioner's May 26 "Response and Renewed Request" was meant to be a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), and that it was timely filed. Id. at Dkt. No. 7. The Seventh Circuit subsequently entered an order suspending briefing, and requiring the appellee to file, by July 20, a status report regarding this court's disposition of the petitioner's May 26, 2015 motion. Id. at Dkt. No. 8.

Given the above series of events, this court will construe the petitioner's May 26, 2015 "Response and Renewed Request for Injunctive Relief and an Evidentiary Hearing" as a Rule 59(e) motion to alter or amend the judgment denying the petitioner habeas relief. The court will deny that motion, for the following reasons.

To prevail on a motion under Rule 59(e), the moving party must "demonstrate a manifest error of law or present newly discovered evidence" that merits reconsideration of the judgment. Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F.

2

Supp. 1063, 1069 (N.D. Ill. 1997). A motion for reconsideration "is not an appropriate forum for rehashing previously rejected arguments . . . ." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." Id.

In its May 18, 2015 decision denying the petition, the court held that the Parole Commission did not violate the petitioner's procedural or substantive due process rights by modifying the petitioner's conditions of special parole to include a sixty-day period of home confinement. Dkt. No. 30. The petitioner's May 26 motion does not demonstrate any manifest error of law or fact in that decision. Instead, the motion rehashes the petitioner's arguments that he was entitled to an in-person hearing before the Parole Commission modified the conditions of his special parole to add a sixty-day period of home confinement condition, and that the court should grant him an evidentiary hearing on his claims. He again cites regulations governing the revocation of parole, despite the fact that the respondent did not revoke his parole. Dkt. No. 32 at 3. He insists that this court was required to hold an evidentiary hearing on his claims, despite the fact that Rule 8 of The Rules Governing Section 2254 Cases in the United States District Courts (made applicable to §2241 cases through Rule 1(b) of those rules) leaves the determination of whether an evidentiary hearing is warranted to the discretion of the judge. Id. at 2. He reiterates his argument that the respondent did not have the authority to impose the sixty-

day home confinement condition, contrary to this court's decision, without citing any new bases for that argument.

Because the petitioner's May 29, 2015 motion does not demonstrate a manifest error of law—"wholesale disregard, misapplication, or failure to recognize controlling precedent"—or newly-discovered evidence, the court **DENIES** the petitioner's post-judgment motion in its entirety.

Dated in Milwaukee this 15th day of July, 2015.

_____
HON. PAMELA PEPPER
**United States District Judge**